# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**DALTON LAX,**

         **Plaintiff,**

         v.                                                       CASE NO. 18-3201-SAC

**CORIZON MEDICAL STAFF,**
**et al.,**

         **Defendants.**

## MEMORANDUM AND ORDER

      Plaintiff Dalton Lax brings this *pro se* civil rights action under 42 U.S.C. § 1983. Although Plaintiff is currently housed at the El Dorado Correctional Facility in El Dorado, Kansas, the events giving rise to his Complaint occurred during his confinement at the Shawnee County Jail in Topeka, Kansas. Plaintiff alleges that while housed at the Shawnee County Jail he received inadequate medical care for his critical eye condition. Plaintiff alleges that his vision has been slowly deteriorating to the point that he is almost blind. He seeks $350,000 in monetary damages, to have his hospital and surgical procedure costs paid, and "if possible termination of [his] case and release from custody." (Doc. 1, at 5.)

      On October 5, 2018, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 5) ("MOSC"), finding that Plaintiff did not answer the question on his Complaint inquiring as to whether or not he has sought administrative relief. (Doc. 1, at 5.) Under 42 U.S.C. § 1997e(a), "a prisoner must exhaust his administrative remedies prior to filing a lawsuit regarding

1

prison conditions in federal court." *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 200) (citations omitted). This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corrections Corp. of Am.*, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003), cert. denied, 540 U.S. 1118 (2004); *Little*, 607 F.3d at 1249. A prison or prison system's regulations define the steps a prisoner must take to properly exhaust administrative remedies and a prisoner "may only exhaust by following all of the steps laid out" therein. *Little*, 607 F.3d at 1249 (citing *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)). An "inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under the PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

The court may dismiss sua sponte a prisoner complaint when it is clear on the face of the complaint that the prisoner has not exhausted administrative remedies. *See Aquilar–Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). In the MOSC, the Court found that Plaintiff's Complaint was subject to dismissal without prejudice based on his failure to exhaust available administrative remedies before filing this action. Plaintiff was ordered to show good cause why his Complaint should not be dismissed for failure to exhaust.

Plaintiff filed a response on October 15, 2018 (Doc. 6). In the response, Plaintiff addresses his medical care but fails to address his failure to exhaust his administrative remedies. Plaintiff has failed to show good cause why his Complaint should not be dismissed for failure to exhaust administrative remedies.

**IT IS THEREFORE ORDERED THAT** this case is **dismissed without prejudice** for failure to exhaust administrative remedies.

**IT IS FURTHER ORDERED that** Plaintiff's motions for leave to proceed in forma pauperis (Docs. 2, 3) are **denied as moot.**

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 17th day of October, 2018.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**