IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DALTON LAX,

        Plaintiff,

        v.                                       CASE NO. 18-3201-SAC

CORIZON MEDICAL STAFF,
et al.,

        Defendants.

## ORDER

Plaintiff Dalton Lax brings this *pro se* civil rights action under 42 U.S.C. § 1983. The Court dismissed this action on October 17, 2018, for failure to exhaust administrative remedies. (Docs. 7, 8.) This matter is before the Court on remand from the Tenth Circuit Court of Appeals. (Doc. 16.)

Although Plaintiff is currently housed at the El Dorado Correctional Facility in El Dorado, Kansas, the events giving rise to his Complaint occurred during his confinement at the Shawnee County Jail in Topeka, Kansas. Plaintiff alleges that while housed at the Shawnee County Jail he received inadequate medical care for his critical eye condition. Plaintiff alleges that his vision has been slowly deteriorating to the point that he is almost blind. He seeks $350,000 in monetary damages, to have his hospital and surgical procedure costs paid, and "if possible termination of [his] case and release from custody." (Doc. 1, at 5.)

1

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of the Shawnee County Jail. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials of the Shawnee County Jail to prepare and file a *Martinez* Report. Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915.

**IT IS THEREFORE ORDERED BY THE COURT** that**:**

(1) the clerk of the court shall provide Shawnee County and the Sheriff of Shawnee County with a copy of the Complaint, Doc. 16, and this order, for use in preparing the report. The report required herein shall be filed no later than sixty (60) days from the date of this order, unless the time is extended by the Court.

(2) Officials responsible for the operation of the Shawnee County Jail are directed to undertake a review of the subject matter of the Complaint:

    a. To ascertain the facts and circumstances;

    b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint;

    c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together; and

    d. To determine whether Plaintiff has exhausted available administrative remedies.

(3) Upon completion of the review, a written report shall be compiled

which shall be filed with the Court and served on Plaintiff. The Shawnee County Jail must seek leave of the Court if it wishes to file certain exhibits or portions of the report under seal or without service on Plaintiff. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(4) Authorization is granted to the officials of the Shawnee County Jail to interview all witnesses having knowledge of the facts, including Plaintiff.

(5) No answer or motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(6) Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendants' answer or response to the Complaint and the report ordered herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 9th day of April, 2019.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**
